SHEETS et v. FOSTORIA UN. STOCK YARDS CO.

Ohio Appeals, 6th Dist., Wood Co.

No. 410. Decided Dec. 12, 1927.

**First Publication of this Opinion.**

Syllabus by Editorial Staff.

677. JUDGMENTS AND DECREES—557. Fraud and Deceit—147. Bills, Notes and Checks.

1. Where, within four days after judgment by confession on cognovit note, motion to set aside, supported by affidavit setting up facts which would constitute valid defense, is filed, such motion should be sustained. Common Pleas has full control over its orders and judgments during term, only limitation being that there shall be no abuse of discretion.

Error to Common Pleas.
Judgment reversed.

Benjamin F. James, Bowling Green, for Sheets et.

J. E. Kelly, Bowling Green, for Fostoria Stock Yards Co.

FULL TEXT.

RICHARDS, J.

On July 9, 1927, the Common Pleas Court rendered a judgment by confession for $557.00 in favor of The Fostoria Union Stock Yards Company against Charles L. Sheets, Charles Sheets and Lash Sheets on a joint and several cognovit note. Four days thereafter, and at the same term of court, the defendant Lash Sheets filed a motion to set aside the judgment and for leave to file an answer and cross-petition which he proffered. The grounds set forth in the motion are that the promissory note sued upon was obtained by fraud and duress, that nothing was due thereon and that there was no consideration for the note. The motion was supported by an affidavit of Lash Sheets in which he states that the note was made without any consideration and was made solely through threats, intimidation and duress exercised by the plaintiff upon the makers and that in order to secure the signatures of the makers the plaintiff claimed that Charles L. Sheets had obtained property by false pretenses and fraudulent misrepresentations which affiant says is untrue and that unless the note was signed and other moneys paid in the sum of $1,000, said Charles L. Sheets would be immediately sent to the penitentiary, but that if the note was signed, further proceedings would be abandoned. The affiant states that said proceedings were abandoned and that neither at the time of the making of the note or at any other time had there been obtained any property by false pretenses or otherwise, and that the signing of the note was caused through said threats, intimidation and duress.

It appears to this court that the matters stated in the affidavit, if established by evidence, would constitute a defense to the note and that the judgment rendered during the same term of court and four days before the motion was filed should have been set aside. The Common Pleas Court has full control over its orders and judgments during the term at which they are rendered and full power to set judgments aside during the term, the only limitation being that in so doing there shall be no abuse of discretion. Smith v. Smith, et al., 24 Ohio App., 407.

The application to set aside the judgment was made by Lash Sheets only. The order refusing to set aside the judgment as to him is reversed and the cause remanded for further proceedings.

(Williams and Lloyd, JJ., concur.)